## Ex parte W. P. PAUL.

No. A-6461.   Opinion Filed Jan. 15, 1927.
(252 Pac. 854.)

See, also, 36 Okla. Cr. 85, 252 P. 853.

H. Tom Kight and I. O. Correll, for petitioner.

J. T. McIntosh, Atty. for State Banking Board, and N. B. Johnson, County Atty., for respondent.

PER CURIIAM.   This is an application for writ of habeas corpus by W. P. Paul, who represents and states that he is restrained of his liberty and is unlawfully imprisoned at Claremore, Rogers county, by the sheriff of said county; that petitioner is held under commitment issued in pursuance of a judgment and sentence rendered by the district court of Rogers county on the 20th day of December, 1926, wherein he was sentenced to serve a term of 15 years in the state penitentiary and to pay a fine of $4,000, upon conviction for the crime of embezzlement in the sum of $300 from the Farmer's & Merchant's Bank of Catoosa; that said court has fixed his appeal bond in the sum of $12,500, and affiant states that said sum is unreasonable and excessive and in violation of the constitutional provision that "excessive bail shall not be required" (Const. art. 2, § 9), and praying that this court enter its order fixing a reasonable amount of bond, pending the outcome of his appeal.

Upon the application being presented to this court, counsel for respondent interposed a demurrer to the petition on the ground:

"That the facts and allegations set forth therein are insufficient in law to justify the relief sought therein."

In an application to this court for habeas corpus for reduction of bail upon the ground that the amount fixed by the trial court is excessive, it is not sufficient that this court might have originally have deemed a lesser amount sufficient. It must clearly appear that the trial court has abused its discretion to the extent that it denies the defendant his constitutional right. The mere fact that a defendant cannot make bond in the amount fixed by the trial court does not necessarily make such amount excessive.

Upon the record before us, we are of opinion that the demurrer should be sustained, and it is so ordered.